UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOANN MOUTON,

    Plaintiff,

v.

VILLAGRAN, et. al.,

    Defendants.
                             /

No. C 13-4121 EDL (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, a state prisoner currently incarcerated at Central California Women's Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff then filed an amended complaint (Docket No. 7) that the court will review. She has been granted leave to proceed in forma pauperis.

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff states that jail officials were negligent and provided inadequate medical care.

Plaintiff is informed that deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could

1  result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The
2  existence of an injury that a reasonable doctor or patient would find important and worthy of
3  comment or treatment; the presence of a medical condition that significantly affects an
4  individual's daily activities; or the existence of chronic and substantial pain are examples of
5  indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

6        A prison official is deliberately indifferent if he or she knows that a prisoner faces a
7  substantial risk of serious harm and disregards that risk by failing to take reasonable steps
8  to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only
9  "be aware of facts from which the inference could be drawn that a substantial risk of serious
10 harm exists," but he "must also draw the inference." *Id.*  If a prison official should have
11 been aware of the risk, but was not, then the official has not violated the Eighth
12 Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175,
13 1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison
14 medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v.*
15 *Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  In addition "mere delay of surgery, without
16 more, is insufficient to state a claim of deliberate medical indifference.... [Prisoner] would
17 have no claim for deliberate medical indifference unless the denial was harmful." *Shapely*
18 *v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).[1]

19       Plaintiff provides very few details in her complaint.  She states that several
20 defendants were negligent as they were not in sight at a specific time as people were
21 exiting a bus and then a sheriff's deputy snatched her off the ground injuring her back and

---

[1] It is not clear if plaintiff was a pre-trial detainee at the time of this incident. Regardless, even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).  The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

tooth.  The court is not sure if this an excessive force claim or if it involves an unsafe living condition and plaintiff was injured exiting the bus.  Plaintiff was then taken to a nurse who did not check on plaintiff until after the nurse's lunch break.  Plaintiff provides no other information especially regarding how failure of the nurse to treat her caused an injury. Plaintiff's allegations are insufficient to state a claim.  The complaint will be dismissed with leave to amend.  Plaintiff must provide additional information regarding her claims and how the defendants' actions violated her constitutional rights.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  She may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 14, 2013.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

G:\PRO-SE\EDL\CR.13\Mouton4121.dwlta.wpd

UNITED STATES DISTRICT COURT

4

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOANN MOUTON,

       Plaintiff,

  v.

VILLAGRAN et al,

       Defendant.

Case Number: CV13-04121 EDL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 15, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joann Mouton WE6671
CCWF
516-11-3 Low
P.O. Box 1508
Chowchilla, CA 93610-1508

Dated: November 15, 2013

Richard W. Wieking, Clerk
By: Lisa R Clark, Deputy Clerk