United States District Court

For the Northern District of California

1

2

3              UNITED STATES DISTRICT COURT

4              NORTHERN DISTRICT OF CALIFORNIA

5

6    JOANN MOUTON,

7                        Plaintiff,              No. C 13-4121 EDL (PR)

8         v.                                      **ORDER DISMISSING WITH**
                                                  **LEAVE TO AMEND**
9    VILLAGRAN, et. al.,

10                       Defendants.
                                        /
11

12         Plaintiff, a state prisoner currently incarcerated at Central California Women's

13   Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  Plaintiff's

14   complaint was dismissed with leave to amend and she has filed an amended complaint.

15                              **DISCUSSION**

16   **A.    Standard of Review**

17         Federal courts must engage in a preliminary screening of cases in which prisoners

18   seek redress from a governmental entity or officer or employee of a governmental entity.

19   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28   omitted).  Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that she fell down the stairs while exiting a bus and later received inadequate medical care.

The treatment a prisoner receives in prison and the conditions under which she is confined are subject to scrutiny under the Eighth Amendment.  *See Helling v. McKinney*, 509 U.S. 25, 31 (1993).  The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a

2

1  sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). Neither negligence

2  nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. at

3  835-36 & n.4. A prison official cannot be held liable under the Eighth Amendment for

4  denying an inmate humane conditions of confinement unless the standard for criminal

5  recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate

6  health or safety. *See id.* at 837. The official must both be aware of facts from which the

7  inference could be drawn that a substantial risk of serious harm exists, and he must also

8  draw the inference. *See id.*

9       Deliberate indifference to serious medical needs violates the Eighth Amendment's

10  proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104

11  (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

12  *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

13  A determination of "deliberate indifference" involves an examination of two elements: the

14  seriousness of the prisoner's medical need and the nature of the defendant's response to

15  that need. *Id.* at 1059.[1]

16       Plaintiff states she suffers from a muscular disorder and fell down the stairs while

17  exiting a bus injuring herself. She states that defendant Villagram should have been

18  present near the stairs, but was somewhere else smoking. Plaintiff states that Villagram

19  failed to protect her from this accident. Plaintiff also alleges that nurse Zamora who treated

20  her did not provide a thorough check up and should have ordered an X-ray. As a result she

21  has ongoing medical problems that are only briefly described.

22

23       [1] It is not clear if plaintiff was a pre-trial detainee at the time of this incident. Regardless,
even though pretrial detainees' claims arise under the Due Process Clause, the Eighth

24  Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74
F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care

25  for pretrial detainees). The Ninth Circuit has determined that the appropriate standard for
evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate

26  convicted prisoners' claims under the Eighth Amendment. "The requirement of conduct that
amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees'

27  right to not be punished with the deference given to prison officials to manage the prisons."
*Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation

28  omitted).

United States District Court
For the Northern District of California

As currently pled, these allegations fail to state a constitutional violation.  It is not clear how Villagram was deliberately indifferent and how he could have prevented this accident.  Plaintiff provides no details regarding her muscular disorder and if Villagram was aware of it that should have prompted him to take certain actions.  Nor do plaintiff's brief allegations show how Zamora was deliberately indifferent to her serious medical needs and what an X-ray would have revealed.

As noted above, neither negligence nor gross negligence will constitute deliberate indifference and plaintiff's allegations are insufficient to state a claim under *Iqbal*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S., at 678.  The complaint will be dismissed with leave to amend for plaintiff to provide more information with respect to the standards set forth above.

**CONCLUSION**

1.  The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  She may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this action.

2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

United States District Court
For the Northern District of California

4

1

2      **IT IS SO ORDERED.**

3    Dated: February 10, 2014.            _____
                                            ELIZABETH D. LAPORTE
4                                           United States Chief Magistrate Judge

5

6    G:\PRO-SE\EDL\CR.13\Mouton4121.dwlta2.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5