UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOANN MOUTON,

    Plaintiff,

v.

VILLAGRAN, et. al.,

    Defendants.

No. C 13-4121 EDL (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, a state prisoner currently incarcerated at Central California Women's Facility, has filed a second amended pro se civil rights complaint under 42 U.S.C. § 1983. Previously, plaintiff's complaint and amended complaint were dismissed with leave to amend.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In the underlying second amended complaint, plaintiff alleges that defendant Sheriff Villagran allowed plaintiff, a Level 4 inmate, to get off the bus while in shackles, which was very unsafe for plaintiff.  Plaintiff states that she had a walker due to her muscular disorder.  Plaintiff also alleges that defendant Nurse Zamora was aware of plaintiff's muscular disorder, but rather than treat plaintiff after plaintiff fell, Nurse Zamora went to have lunch.  As a result of the fall, plaintiff broke her tooth and damaged her spine.

In the court's previous dismissal with leave to amend, the court informed plaintiff that her amended complaint was deficient and failed to allege a cognizable civil rights claim.  The court then informed plaintiff what she needed to show in order to demonstrate that a state actor was deliberately indifferent to plaintiff's safety needs or serious medical needs.  The court specifically informed plaintiff that, as stated, plaintiff's amended complaint did not clearly allege how Sheriff Villagran was deliberately indifferent, how he could have prevented plaintiff's fall, or whether Sheriff Villagran was aware of plaintiff's muscular disorder.  Moreover, plaintiff's allegations failed to show how Nurse Zamora was deliberately indifferent and failed to allege what an x-ray would have revealed, had Nurse Zamora given her one.  The court dismissed plaintiff's amended complaint with leave to amend for plaintiff to provide more information with respect to the standards that the court had provided.

As before, in plaintiff's second amended complaint, there is no allegation that Sheriff Villagran was aware of plaintiff's muscular disorder, that Sheriff Villagran knew that plaintiff needed assistance, or how Sheriff Villagran could have prevented plaintiff's fall.  Nor does plaintiff provide any detail about her muscular disorder.  In addition, plaintiff still fails to proffer any facts demonstrating that Nurse Zamora knew plaintiff needed more treatment than she was given, and knew that without such treatment, plaintiff faced a substantial risk of serious harm.

Again, as currently pled, these allegations fail to state a constitutional violation.  In

order to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Plaintiff has not alleged enough facts to liberally construe that defendants were deliberately indifferent to her safety needs or serious medical needs.

Plaintiff will be given one final opportunity to provide enough facts to state a cognizable claim for relief if she can do so in good faith.  Failure to file a third amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.

### CONCLUSION

1. The second amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The third amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words THIRD AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces any previous complaints, plaintiff must include in it all the claims she wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  She may not incorporate material from the previous complaints by reference. **Failure to file a third amended complaint in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 15 , 2014.   
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

G:\PRO-SE\EDL\CR.13\Mouton4121.dwla3.wpd