United States District Court
For the Northern District of California

1
2
3              UNITED STATES DISTRICT COURT
4              NORTHERN DISTRICT OF CALIFORNIA
5
6    JOANN MOUTON,
7                    Plaintiff,                    No. C 13-4121 EDL (PR)
8         v.                                       **ORDER OF PARTIAL
                                                   DISMISSAL; ORDER OF
9    VILLAGRAN, et. al.,                           SERVICE**
10                   Defendants.
                                              /
11

12         Plaintiff, a state prisoner currently incarcerated at Central California Women's

13   Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1]  Plaintiff's second

14   amended complaint was dismissed with leave to amend and she has now filed a third

15   amended complaint.[2]  For the reasons that follow, the court dismisses defendant Sheriff

16   Villagran and orders service upon defendant Nurse Zamora.

17                              **DISCUSSION**

18   **A.    Standard of Review**

19         Federal courts must engage in a preliminary screening of cases in which prisoners

20   seek redress from a governmental entity or officer or employee of a governmental entity.

21   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

22   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

23   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

24   § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica*

25   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

26   _____

27        [1]  Plaintiff consented to magistrate judge jurisdiction on
     December 4, 2013.  (Docket No. 14.)

28        [2]  Plaintiff's motion for extension of time is GRANTED.
     Plaintiff's third amended complaint is deemed timely filed.

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

2   the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

3   the statement need only give the defendant fair notice of what the . . . . claim is and the

4   grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and

5   internal quotations omitted).  Although in order to state a claim a complaint "does not need

6   detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his

7   'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

8   of the elements of a cause of action will not do. . . .  Factual allegations must be enough to

9   raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

10  544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim

11  to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has

12  recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions

13  can provide the framework of a complaint, they must be supported by factual allegations.

14  When there are well-pleaded factual allegations, a court should assume their veracity and

15  then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v.

16  Iqbal*, 556 U.S. 662, 679 (2009).

17    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

18  elements:  (1) that a right secured by the Constitution or laws of the United States was

19  violated, and (2) that the alleged deprivation was committed by a person acting under the

20  color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

21  **B.    Legal Claims**

22    Plaintiff states that she was in shackles while exiting the bus.  As she came down

23  the steps of the bus, Sheriff Villagran was supposed to be at the bottom of the steps to help

24  inmates off the last step and onto the ground.  However, Sheriff Villagran was not there.  As

25  a result, plaintiff fell and injured herself.  Sheriff Villagran later ran up, smelling like cigarette

26  smoke.  Plaintiff further alleges that Nurse Zamora denied plaintiff medical treatment at the

27  scene, and stated that she did not have time to look at plaintiff because it was Nurse

28

2

United States District Court

For the Northern District of California

1  Zamora's lunch break.  Instead, Nurse Zamora gave plaintiff an ice pack but did not order

2  an x-ray or conduct any other medical treatment.

3       The treatment a prisoner receives in prison and the conditions under which she is

4  confined are subject to scrutiny under the Eighth Amendment.  *See Helling v. McKinney*,

5  509 U.S. 25, 31 (1993).  The Amendment also imposes duties on these officials, who must

6  provide all prisoners with the basic necessities of life such as food, clothing, shelter,

7  sanitation, medical care and personal safety.  *See Farmer v. Brennan*, 511 U.S. 825, 832

8  (1994).

9       A prison official violates the Eighth Amendment when two requirements are met: (1)

10  the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834

11  (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a

12  sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).  Neither negligence

13  nor gross negligence will constitute deliberate indifference.  *See Farmer*, 511 U.S. at

14  835-36 & n.4.  A prison official cannot be held liable under the Eighth Amendment for

15  denying an inmate humane conditions of confinement unless the standard for criminal

16  recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate

17  health or safety.  *See id.* at 837.  The official must both be aware of facts from which the

18  inference could be drawn that a substantial risk of serious harm exists, and he must also

19  draw the inference.  *See id*.

20       Even with liberal construction, the allegation against Sheriff Villagran does not state

21  a claim for an Eighth Amendment violation.  The objective prong of an Eighth Amendment

22  claim is not satisfied.  "[E]very injury suffered by an inmate does not necessarily translate

23  into constitutional liability for prison officials."  *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th

24  Cir. 1996).  "[O]nly those deprivations denying 'the minimal civilized measure of life's

25  necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation."

26  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted); *see, e.g.*, *Osolinski*, 92 F.3d at

27  938 (defendants entitled to qualified immunity against prisoner's Eighth Amendment claim

28

United States District Court

For the Northern District of California

stemming from second degree burns suffered when oven door fell off its hinges and burned

his arms); *Jackson v. State of Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (slippery floors,

by themselves, do not amount to cruel and unusual punishment); *Connolly v. County of*

*Suffolk*, 533 F. Supp. 2d 236 (D. Mass. 2008) (summary judgment granted for defendants

because ladderless bunk beds did not meet objective component of Eighth Amendment in

light of evidence that "[t]housands of . . . inmates access bunk beds daily without the aid of

a ladder and without incident" and only about a dozen injuries had been reported).

Requiring an inmate to descend stairs while shackled does not deny her the minimal

civilized measure of life's necessities.  Prison officials requiring a shackled inmate to

descend a flight of stairs did not present an objectively serious condition required for an

Eighth Amendment claim.  In addition, the subjective prong is not met.  There is no

indication that Sheriff Villagran knew of, and disregarded, an excessive risk to plaintiff's

safety.  Plaintiff does not suggest that Sheriff Villagran's absence was purposefully based

on knowledge that plaintiff faced a substantial risk of harm.

Thus, an Eighth Amendment claim against Sheriff Villagran is not stated.  Leave to

amend will not be granted because the complaint well describes the incident, and it simply

does not amount to deliberate indifference to a risk to the inmate's safety.  This is not to

say that plaintiff was not hurt, as her allegations clearly indicate that she was hurt.  Rather,

as *Osolinski*, 92 F.3d at 936-37, observed, not every injury translates into constitutional

liability for prison officials.  For these reasons, Sheriff Villagran is DISMISSED from this

action.

On the other hand, deliberate indifference to serious medical needs violates the

Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992),

*overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th

Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination

of two elements: the seriousness of the prisoner's medical need and the nature of the

**United States District Court**
For the Northern District of California

1  defendant's response to that need.  *Id.* at 1059.[3]

2      Cognizant that this court must liberally construe plaintiff's allegations, the court finds

3  that plaintiff's claim against Nurse Zamora states a claim for relief.  Taking plaintiff's

4  allegations as true, Nurse Zamora knew that plaintiff faced a substantial risk of harm

5  without immediate treatment because Nurse Zamora was aware of plaintiff's medical

6  history.  Nonetheless, according to plaintiff, Nurse Zamora disregarded that risk and failed

7  to take steps to abate it.

**CONCLUSION**

9      1.  The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of

10  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the

11  second amended complaint and all attachments thereto (docket no. ), a magistrate judge

12  jurisdiction consent form, and a copy of this order to Nurse Zamora at the Elmwood

13  Complex Women's Facility.  The clerk of the court shall also mail a courtesy copy of the

14  complaint and a copy of this order to the Office of County Counsel, 70 West Hedding

15  Street, 9th Floor, San Jose, CA 95112.  Additionally, the clerk shall mail a copy of this order

16  to plaintiff.

17      2.  Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure

18  requires them to cooperate in saving unnecessary costs of service of the summons and

19  complaint.  Pursuant to Rule 4, if defendant, after being notified of this action and asked by

20  the court, on behalf of plaintiff, to waive service of the summons, fails to do so, she will be

21  required to bear the cost of such service unless good cause be shown for her failure to sign

---

23  [3] It is not clear if plaintiff was a pre-trial detainee at the time of this incident.  Regardless, even though pretrial detainees' claims arise under the Due Process Clause, the Eighth
24  Amendment serves as a benchmark for evaluating those claims.  *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees).  The Ninth Circuit has determined that the appropriate standard
25  for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment.  "The requirement of
26  conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the
27  prisons."  *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

United States District Court

For the Northern District of California

1   and return the waiver form.  If service is waived, defendant will be required to serve and file

2   an answer within sixty (60) days from the date on which the request for waiver was sent to

3   her.  Defendant is asked to read the statement set forth at the bottom of the waiver form

4   that more completely describes the duties of the parties with regard to waiver of service of

5   the summons.  If service is waived after the date provided in the Notice but before

6   defendant has been personally served, the Answer shall be due sixty (60) days from the

7   date on which the request for waiver was sent or twenty (20) days from the date the waiver

8   form is filed, whichever is later.

9          3.  In order to expedite the resolution of this case, the court orders as follows:

10             a.  No later than sixty days from the date the waiver is sent from the court,

11   defendant shall file a motion for summary judgment or other dispositive motion.  The motion

12   shall be supported by adequate factual documentation and shall conform in all respects to

13   Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident

14   reports stemming from the events at issue.  If defendant is of the opinion that this case

15   cannot be resolved by summary judgment, she shall so inform the court prior to the date

16   her summary judgment motion is due.  All papers filed with the court shall be promptly

17   served on plaintiff.

18             b.  At the time the dispositive motion is served, defendant shall also serve, on

19   a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d

20   952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4

21   (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).  At that time,

22   defendant shall also submit the magistrate judge jurisdiction consent form.

23             c.  Plaintiff's opposition to the dispositive motion shall be filed with the court

24   and served upon defendant no later than twenty-eight days from the date the motion was

25   served upon her.

26             d.  Defendant shall file her reply brief no later than fourteen days after the

27   opposition is served upon her.

28

6

e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

4.  All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  She also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 11, 2014.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

P:\PRO-SE\EDL\CR.13\Mouton4121.srv.wpd

7