UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN MOUTON,<br><br>    Plaintiff,<br><br>    v.<br><br>VILLAGRAN, et al.,<br><br>    Defendants. | Case No. 13-cv-04121-JD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 34, 41 |

Joann Mouton, a prisoner proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983. Mouton alleges that defendant nurse Zamora was deliberately indifferent to her serious medical needs after Mouton fell down the stairs exiting a bus. Mouton argues that Zamora delayed treating her by several hours and failed to order an X-ray. Defendant has filed a motion for summary judgment on the claim of deliberate indifference and contends that Mouton failed to exhaust her administrative remedies. Mouton has filed a brief motion for summary judgment that the Court also construes as her opposition. Defendant's motion for summary judgment is granted.

**I.   MOTION FOR SUMMARY JUDGMENT**

    **A.   Factual Background**

The following facts are undisputed unless otherwise noted:

On September 5, 2012, Mouton fell while stepping down from a bus on her return to Elmwood Jail from court. Motion for Summary Judgment ("MSJ") at 2. An officer immediately called defendant Zamora. *Id*. at 3. Zamora arrived and measured Mouton's temperature, heart rate, and blood pressure. *Id*. Plaintiff complained of a scrape to her knee and a sore back, which she rated as a 3 on a 10-point scale. *Id*. Zamora cleaned and dressed the abrasion on Mouton's knee and evaluated her back, which had two bruises. *Id*. Mouton was able to walk and move her

1    extremities without any difficulty.  *Id*.  Mouton denied any head injury, nausea, or vomiting.  *Id*.

2    Zamora ordered an ice pack for three days for Mouton.  *Id*.

3        Mouton states that Zamora arrived at the scene and looked her over, but did not give her an

4    ice pack until later in the afternoon.  Docket No. 23 at 4.

5        Zamora did not provide pain medication because Mouton was already prescribed pain

6    medication for an unrelated condition.  *Id*.[1]  Zamora did not order an X-ray because it was only a

7    minor fall with minor injuries.  *Id*. at 3-4.  Zamora instructed Mouton to notify medical staff of

8    any other medical issues.  *Id*. at 4.

9        Mouton was seen again by medical staff the day after the fall when she requested medical

10   attention.  *Id*. at 4.  She did not complain of any issues related to the fall and did not state she was

11   in any pain or needed an X-ray; rather, she requested a different skin lotion to treat an unrelated

12   medical issue.  Mouton saw medical staff on three more occasions between September 6, and

13   September 13, 2012, but never complained of pain or the need for an X-ray.  *Id*.

14       On September 13, 2012, Mouton complained of back pain and was treated by medical

15   staff.  *Id*.  She saw her regular physician the following day but did not complain of pain.  Nothing

16   from these exams indicated the need for an X-ray.  *Id*.  For the next two months Mouton was

17   treated with ice, analgesic ointment, and pain medication for her back pain.  *Id*. at 4-5.

18       In May 2013, Mouton's rheumatology provider ordered an X-ray.  *Id*. at 5.  The X-ray

19   showed that Mouton had osteoarthritis, a diagnosis that is common to 50% of women Mouton's

20   age.  The X-ray showed no spinal fracture from the fall.  Osteoarthritis is treated by exercise and

21   pain medication which had been provided.  *Id*.

22   **B.  Standard of Review**

23       Summary judgment is proper where the pleadings, discovery, and affidavits show there is

24   "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1] Mouton was diagnosed with dermatomyositis in 2011, prior to arriving at the jail.  *Id*. at 3.  Dermatomyositis is a connective-tissue disorder characterized by inflammation of the skin and muscles.  While dermatomyositis causes skin, muscle and joint pain, it does not make an individual more susceptible to injury from fall.  It does not weaken bone, muscle or joint integrity.  *Id*.

law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id*.

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id*. The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See id*. at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).

For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**C. Deliberate Indifference**

**Legal Standard**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of

"deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but also "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference. . . . [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful." *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).[2]

---

[2] Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (Eighth Amendment guarantees provide minimum standard of care for pretrial detainees). The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

**Discussion**

Mouton argues that defendant Zamora delayed treating her by several hours and failed to order an X-ray, which demonstrate deliberate indifference to serious medical needs. Defendant argues that Mouton's scraped knee and sore back do not qualify as serious medical needs. Mouton's opposition to summary judgment, which is only two pages long and generally repeats the allegations of the complaint, does not address this issue.[3] While Mouton's injuries do not appear to qualify as serious medical needs, for purposes of this motion the Court will assume the scraped knee and sore back were serious medical needs.

Summary judgment is granted to defendant because there is no genuine dispute as to any material fact. The undisputed facts demonstrate that Mouton was initially examined by defendant immediately after the incident for a scraped knee and sore back. Defendant later cleaned and dressed the abrasion on Mouton's knee and evaluated her complaints of pain that later was only 3 out of 10 on the pain scale. Mouton does not describe when defendant examined her, but it appears from her complaint that this occurred immediately after the fall, but Mouton did not receive the ice pack for several hours. Even assuming that defendant did not examine her for several hours, Mouton has not shown deliberate indifference to serious medical needs.

Mouton was able to walk and move her extremities without any difficulty and denied any head injury, nausea, or vomiting. Based on these injuries it was reasonable to provide an ice pack and tell Mouton to follow up with medical staff. Even if this examination occurred several hours after the fall, mere delay without more does not establish deliberate medical indifference. *Shapley*, 766 F.2d at 407.

Nor has Mouton shown that she needed an X-ray and that the failure to provide one the same day was a constitutional violation. She was treated on several occasions within the week after the fall for other medical needs, and she did not mention back pain or needing an X-ray. A

---

[3] Mouton also alleges for the first time in her opposition that she broke a tooth in the fall. This was not alleged in the operative third amended complaint and the Court declines to allow Mouton to amend the complaint at this stage in the litigation. She provides no other information how a broken tooth demonstrates deliberate indifference in failing to treat her for several hours and not providing an X-ray for several months.

5

week after the fall Mouton complained of back pain and received treatment. Mouton continued to receive treatment by medical staff for the next few months and she obtained the X-ray which did not reveal any injury from the fall. Mouton would be hard pressed to demonstrate negligence, let alone the much higher standard for deliberate indifference.[4] Summary judgment is granted for defendant.

## II.  CONCLUSION

1. Defendant's motion for summary judgment (Docket No. 34) is **GRANTED**.

2. Plaintiff's motion for summary judgment (Docket No. 41) is **DENIED**.

3. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: October 13, 2015

_____
JAMES DONATO
United States District Judge

---

[4] Because the Court has not found a constitutional violation, the Court will not address defendant's arguments concerning exhaustion or qualified immunity

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN MOUTON,<br><br>          Plaintiff,<br><br>   v.<br><br>VILLAGRAN, et al.,<br><br>          Defendants. | Case No. 13-cv-04121-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 13, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joann Mouton ID: WE6671
P.O. Box 8100
Corona, CA 92878-8100

Dated: October 13, 2015

                                          Susan Y. Soong
                                          Clerk, United States District Court

                                          By: /s/ Lisa R. Clark
                                          LISA R. CLARK, Deputy Clerk to the
                                          Honorable JAMES DONATO